UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WALTER LEMIEUX** | **CIVIL ACTION** |
| **VERSUS** | **NO.: 08-0965** |
| **RUSSELL S. STEGEMAN** | **SECTION "S"(4)** |

### REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit Proposed Findings and Recommendations for disposition pursuant to **28 U.S.C. §§ 636(1)(B) and (C) and 1915(e)(2)**, and, as applicable, **42 U.S.C. § 1997e(c)(1)**. Upon review of the entire record, the Court has determined that the matter can be disposed of without an Evidentiary Hearing.

**I.     The Complaint**

The plaintiff, Walter Lemieux ("Lemieux"), a state prisoner incarcerated in Elayn Hunt Correctional Center, filed this *pro se* and *in forma pauperis* lawsuit pursuant to 42 U.S.C. § 1983 against his former counsel, Russell S. Stegeman. Lemieux alleges that, on October 24, 2000, he retained Stegeman to represent him in criminal proceedings in state court. On June 13, 2001, Stegeman advised Lemieux to accept a plea bargain in those proceedings, and he agreed. As a result of that plea agreement, Lemieux was sentenced to a term of twenty years imprisonment. Lemieux's

wife subsequently requested that Stegeman refund a portion of the $7,500 fee paid in this matter; however, that request apparently was refused. Thereafter, a complaint against Stegeman was filed with the Louisiana State Bar Association, but no wrongdoing was found. In this lawsuit, Lemieux essentially claims his rights were violated by Stegeman's failure to provide a defense to the state criminal charge. As relief, Lemieux seeks monetary damages.

## II.   Standard of Review – Frivolous

With respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120

(5th Cir. 1986). District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

### III.    § 1983 Claim

As a preliminary matter, the court notes that it appears that Lemieux's § 1983 claim against Stegeman is long prescribed. "[F]or a § 1983 action, the court looks to the forum state's personal-injury limitations period. In Louisiana, that period is one year." *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998) (citation omitted); *see also Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Smith v. Orleans Parish Prison*, Civ. Action No. 08-3786, 2008 WL 2951279, at *1 (E.D. La. July 25, 2008); La. Civ. Code Ann. art. 3492. "Ordinarily, a cause of action under section 1983 accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Price v. City of San Antonio, Texas*, 431 F.3d 890, 893 (5th Cir. 2005) (quotation marks omitted); *see also Smith*, 2008 WL 2951279, at *1.

In this lawsuit, Lemieux's claim is based on events which occurred during his representation by Stegeman in June of 2001. However, Lemieux's complaint was filed no earlier than February 11, 2008,[1] well over *six years* after his claim accrued. Accordingly, the claim was prescribed long before the instant lawsuit was filed. A complaint asserting prescribed claims is properly dismissed as frivolous. *See, e.g., Brown v. Pool*, 79 Fed. App'x 15, 17 (5th Cir. 2003); *Gonzales v. Wyatt*, 157 F.3d 1016, 1019-20 (5th Cir. 1998); *Smith*, 2008 WL 2951279, at *2; *Francis v. United States*, Civ. Action No. 07-1991, 2007 WL 2332322 (E.D. La. Aug. 13, 2007).

---

[1] A prisoner's complaint is considered "filed" when it is given to the prison authorities for mailing to the Clerk of Court. *Cooper v. Brookshire*, 70 F.3d 377, 378 (5th Cir. 1995). In the instant case, that date could not have been earlier than the date the complaint was signed, February 11, 2008.

Nevertheless, even if the claim were not prescribed, it still is not cognizable for the following reasons.

The substance of Lemieux's claim is that his former, privately retained, criminal defense counsel, Stegeman, is liable under 42 U.S.C. § 1983 for failing to provide a defense to the state criminal charge. However, § 1983 grants the right of redress only to one whose constitutional rights are violated by a person acting under color of state law. *See* 42 U.S.C. § 1983. Under § 1983, Lemieux must therefore prove not only that there was a constitutional violation (in this case, ineffective assistance of counsel), but also that Stegeman's actions were taken under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978). "A person acts under color of state law only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Thibodeaux v. Bordelon*, 740 F.2d 329, 333 (5th Cir. 1984) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). It is well established that a privately retained attorney, such as Stegeman, is not a state actor. *Pete v. Metcalfe*, 8 F.3d 214, 216-17 (5th Cir. 1993); *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996) (ineffective assistance of counsel claim not cognizable in § 1983 lawsuit because retained counsel is not a state actor); *Mills v. Criminal District Court #3*, 837 F.2d 677, 679 (5th Cir. 1988).

In light of the foregoing, Stegeman could be held liable under § 1983, only if he acted jointly with the state or one of its agents. *Metcalfe*, 8 F.3d. at 216-17; *Mills*, 837 F.2d at 679; *Hobbs v. Hawkins*, 968 F.2d 471, 480 (5th Cir. 1992). In the instant case, Lemieux has not alleged that Stegeman was involved in any action with the state or with a state actor. Rather, Lemieux simply alleges that Stegeman failed to provide effective representation during his criminal matter. Thus, even under the broadest reading, Lemieux has not alleged facts sufficient to render the defendant

amenable to suit as a state actor under § 1983. *Pete*, 8 F.3d at 217 (citing *Haines v. Kerner*, 404 U.S. 519 (1972)).

Accordingly, for all of the foregoing reasons, the Court finds that Lemieux's claim is based on an indisputably meritless legal theory and is therefore subject to dismissal as frivolous.[2]

## IV.  State Law Claims

Lemieux indicates in the complaint that he is also asserting claims under state law. However, if Lemieux's federal claims are dismissed as recommended, it is appropriate for the Court to decline to exercise supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction."); *see also Bass v. Parkwood Hospital*, 180 F.3d 234, 246 (5th Cir. 1999) ("When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims.").

## V.  Recommendation

It is **RECOMMENDED** that Walter Lemieux's § 1983 claim against Russell S. Stegeman be **DISMISSED WITH PREJUDICE** as frivolous pursuant 28 U.S.C. § 1915(e)(2)(B)(i).

It is **FURTHER RECOMMENDED** that Walter Lemieux's state law claims be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal

---

[2] The Court also notes that where, as here, a plaintiff asserts a damages claim which, if successful, would necessarily imply the invalidity of a state court conviction, the claim is not cognizable under § 1983 until such time as the conviction has been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477 (1994).

the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F. 3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 19th day of December, 2008.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**